**E-FILED**
Tuesday, 13 September, 2016  10:43:38 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

JOSEPH BURTON,                )
                             )
    Plaintiff,            )
                             )
       v.               )     Case No.   1:16-cv-01341-JBM
                             )
JEFFERY E. KRUEGER, WARDEN,   )
                             )
    Defendant.            )

## <u>ORDER & OPINION</u>

This matter is before the Court on Petitioner Joseph Burton's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) and a Motion to Proceed in forma pauperis (Doc. 2). The Court has considered the grounds set forth in the Petition (Doc. 1), and cannot find that they are without merit on this initial review. Respondent must file a response to what remains of the Petition within fifty-six days of this order. Additionally, for the reasons stated below, Petitioner's motion to proceed in forma pauperis is granted.

### MOTION TO PROCEED IN FORMA PAUPERIS

Petitioner filed a Motion to Proceed in forma pauperis concurrently with his § 2241 Petition (Doc. 2). He asserts in his Motion that his is unemployed and has no assets. (Doc. 2 at 1). The trust fund account ledgers received by the Court show that Petitioner regularly has a very low monthly balance in his account, but that he had been receiving a payroll deposit once a month and occasionally receives deposits from Western Union. (Doc. 3). His payroll ranges from $7.54 to $34. His Western Union

deposits range from $20 to $50. *Id*. The most recent information available to the Court shows a balance of $0.16 on August 31, 2016. *Id*. Thus, his request to proceed without prepayment of the applicable filing fee is granted, and the Court has reviewed his Petition prior to receiving the applicable fee.

However, petitioners are required to pay what he is capable of paying. See *Longbehn v. United States*, 169 F.3d 1082, 1083 (7th Cir. 1999) ("All that permission to proceed *in forma pauperis* has ever meant is that the fees need not be pre-paid."). Partial prepayment requirements are discretionary when the Prison Litigation Reform Act (PLRA) does not apply. *Id*. The use of discretionary prepayment requirements is important because "every litigant has a legal responsibility to pay the filling and docketing fees to the extent feasible." *Id. See also Lumbert v. Ill. Dep't of Corr.*, 827 F.2d 257, 259 (7th Cir. 1987).

The Court therefore directs Petitioner to pay $1.40 as a partial filing fee. The Court notes that the average balance in Petitioner's account over the past six months is $2.79. *Id*. This partial filing fee is approximately half of Petitioner's average balance. Although half may seem substantial, the Court notes that Petitioner has received a deposit greater than that amount in his account eight times over the past six months—seven of these deposits were for more than $20 and would easily satisfy the filing requirement.

However, since August 20, 2016, the current balance in Petitioner's account has been $0.16. Therefore, if, at the time the trust fund department at Petitioner's institution receives this Order, Petitioner does not have that much money in his account, the trust fund department shall send 20% of Petitioner's current balance.

Thereafter, each time the balance in Petitioner's account exceeds $10.00, Petitioner's custodian shall forward to the Clerk, in monthly payments, 20% of the preceding month's income credited to Petitioner's account until the $1.40 filing fee is paid.

**PETITION FOR HABEAS CORPUS RELIEF**

**BACKGROUND AND PROCEDURAL HISTORY**

On June 24, 2009, Petitioner Joseph Burton was found guilty of possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). *United States v. Burton*, No. 08-cr-1055-1, (N.D. Ill. Sept. 9, 2009). On Sept. 9, 2009, the sentencing judge concluded that he was an Armed Career Criminal, as defined in 18 U.S.C. § 924(e). (Doc. 1 at 9). The judge sentenced him to 235 months of imprisonment. *Burton*, No. 08-cr-1055-1. The court's decision was based on the fact that Burton had more than three prior convictions that met the definition of a "violent felony" pursuant to the Armed Career Criminal Act ("ACCA"). *Burton v. United States*, No. 16-2684, slip op. at 1. These included Illinois convictions for residential burglary and burglary. *Id.*

Petitioner filed a § 2255 Motion to vacate, set aside, or correct his sentence in 2011 based on ineffective assistance of counsel. *United States v. Burton*, No. 1:11-cv-00522 (N.D. Ill Nov. 22, 2011). This petition was denied. In 2016, Burton filed with the United States Court of Appeals for the Seventh Circuit an application to file a second or successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3). *Burton v. United States*, No. 16-1943 (7th Cir. May 25, 2016). In the application, he sought to challenge his sentence under *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Burton,* No. 16-2684, slip op. at 1. The Seventh Circuit rejected his argument and concluded that Illinois residential burglary was equivalent to generic burglary. *Id.*

The Petitioner then filed a second application to file a second or successive § 2255 motion with the Seventh Circuit. *Id*. In this application, he sought to challenge his sentence under *Johnson* and *Mathis v. United States*, 136 S. Ct. 2243 (2016). *Id*. The Seventh Circuit denied the application on July 21, 2016, as it concluded that Petitioner could not succeed on a *Johnson* claim, as they determined in his first application for a second or successive § 2255 motion. *Id*.

The Seventh Circuit did not consider Petitioner's *Mathis* claim. Petitioner's *Mathis* claim argues that the Illinois burglary statute is similarly infirm to the one from *Mathis*. *Id*. at 7. Instead of considering the claim, the Seventh Circuit instructed Petitioner that any independent claim brought under *Mathis* must be brought in a petition under 28 U.S.C. § 2241. *Id*.

Petitioner has now brought that § 2241 Petition. In it, he claims that his sentence is invalid pursuant to *Mathis*. In *Mathis*, the Supreme Court concluded that a conviction for burglary in Iowa cannot serve as a predicate crime under the ACCA. 136 S. Ct. 2243. Petitioner claims that Illinois's burglary statute is similarly infirm.

## DISCUSSION

The Court, in its discretion, applies the Rules Governing Section 2254 Cases in the United States District Courts to this case. *See* Rules Governing Section 2254 Cases in the United States District Courts, R 1(b).[1] This includes Rule 4, which requires that the Court "promptly examine" the Petition, and dismiss it if it "plainly appears . . . that the petitioner is not entitled to relief." Pursuant to Rule 4 of the

---

[1] *See also Poe v. United States*, 468 F.3d 473, 477 n.6 (7th Cir. 2006); *Hudson v. Helman*, 948 F. Supp. 810, 811 (C.D. Ill. 1996) (holding Rule 4 takes precedence over the deadlines in 28 U.S.C. § 2243 and gives court discretion to set deadlines).

Rules Governing Section 2254 Cases in the United States District Courts, the Court has examined the Petition concludes that Petitioner may proceed on his *Mathis* claim.

Federal prisoners, like Petitioner, who wish to collaterally attack their convictions or sentences ordinarily must do so under 28 U.S.C. § 2255. *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). They may petition under 28 U.S.C. § 2241 only in the rare circumstance in which the remedy provided under § 2255 "is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e) (which is often referred to as "the Savings Clause"). The mere fact that Petitioner's claim would be a second or successive § 2255 motion does not render § 2255 inadequate or ineffective. *See In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998).

In *Davenport*, the Seventh Circuit articulated three conditions that a petitioner must meet in order to invoke the Savings Clause on the basis of a change in law. *Id.* at 610-612. These conditions were recently summarized in *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013), another case in which a petitioner brought a § 2241 petition based upon a Supreme Court decision interpreting the residual clause of the ACCA. First, a prisoner "must show that he relies on a statutory-interpretation case rather than a constitutional case;" second, he "must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion;" and third, "[the] sentence enhancement [must] have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Id.* at 586 (citations omitted) (internal quotation marks omitted). Because *Mathis* is "a case of statutory interpretation," and "did not announce [a new rule of constitutional law],"

it may be brought as a § 2241 petition. *Dawkins v. United States*, No. 16-2683, 2016 WL 3854238, at *2 (7th Cir. July 15, 2016).

The Court has considered Petitioner's *Mathis* claim and cannot find that it is without merit on this initial review.

IT IS THEREFORE ORDERED THAT:

1.  Petitioner's Motion to Proceed in forma pauperis (Doc. 2) is GRANTED. Petitioner is excused from pre-paying the full $5.00 filing fee, but SHALL pay a partial filing fee of $1.40. If, at the time the trust fund department at Petitioner's institution receives this Order, Petitioner does not have that much money in his account, the trust fund department shall send 20% of Petitioner's current balance. Thereafter, each time the balance in Petitioner's account exceeds $10.00, Petitioner's custodian shall forward to the Clerk, in monthly payments, 20% of the preceding month's income credited to Petitioner's account, until the $1.40 filing fee is paid.

2.  The Clerk SHALL serve a copy of the Petition (Doc. 1) upon Respondent pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

3.  Respondent SHALL file an answer, motion, or other responsive pleading within fifty-six days after service of this Order. Respondent should address any facts that would establish whether Petitioner's claim is untimely or procedurally barred. In addition, Respondent should address the merits of Petitioner's claims and otherwise fully comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

4.  Petitioner MAY file a reply to Respondent's response within twenty-eight days of being served with the response.

5.  Petitioner SHALL serve upon Respondent a copy of every further pleading or other document submitted for consideration by the Court.

Entered this _13th_ day of September, 2016.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge