## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| JOSEPH BURTON, | ) |
| Petitioner, | ) |
| v. | ) Case No. 16-cv-1341 |
| JEFFERY E. KRUEGER, | ) |
| Respondent. | ) |

## ORDER & OPINION

This matter is before the Court on a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 filed by Joseph Burton. The motion has been fully briefed. For the reasons stated below, the motion is GRANTED.

### BACKGROUND

On December 17, 2008, Joseph Burton was indicted with possession of a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1). *United States v. Burton*, No. 08-cr-1055 (N.D. Ill. 2009) (Doc. 1). On June 24, 2009, a jury found Burton guilty, and he was sentenced to 235 months in prison. Burton's sentence was enhanced because the sentencing court determined that Burton was an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on Burton's 2005 drug offense and three Illinois residential burglaries, one from 1993 and two from 1997. (Doc. #7-1, App. 14-17). Had Burton not qualified as an armed career criminal, he would have faced a maximum term of imprisonment of ten years on the § 922(g) count. *See* 18 U.S.C. § 924(a)(2).

On July 23, 2010, the Seventh Circuit affirmed Burton's conviction and

sentence. *United States v. Burton*, 387 F.App'x 635 (7th Cir. 2010). The Circuit Court held that any argument about applying the enhancement to Burton's sentence would be frivolous because Burton had more than three felonies for residential burglary, a violent felony under § 924(e)(2)(B)(ii). *Id.* at 639.

On January 24, 2011, Burton filed his first motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, raising various ineffective assistance of counsel claims. The District Court denied his claims, *United States v. Burton*, No. 11-522, 2011 WL 5881804 (N.D. Ill. Nov. 22, 2011), and Burton did not appeal the court's decision.

In *Samuel Johnson v. United States*, 135 S.Ct. 2551 (2015), the Supreme Court held that the ACCA's residual clause, § 924(e)(2)(B), was unconstitutionally vague. Following that decision, Burton petitioned the Seventh Circuit for authorization to file a second or successive motion under § 2255 arguing that Illinois' residential burglary statute is broader than generic burglary. On May 25, 2016, the Seventh Circuit denied Burton's request, noting that *Dawkins v. United States*, 809 F.3d 953, 954 (7th Cir. 2016), already held that residential burglary satisfies the definition of generic burglary outlined in *Taylor v. United States*, 495 U.S. 575, 599 (1990). (Doc. #7-2, App. 76-77).

Following the Supreme Court's June 23, 2016, decision in *Mathis v. United States*, 136 S.Ct. 2243 (2016), Burton again sought permission to file a second or successive § 2255 motion. The Seventh Circuit denied Burton's request because *Mathis* did not announce of new rule of constitutional law. *Id.* at App. 78-79. The Court noted that "[a]n independent claim based on *Mathis* must be brought, if at all,

2

in a petition under 28 U.S.C. § 2241." *Id.*

Thus, on September 12, 2016, Burton filed the instant § 2241 petition arguing that his Illinois residential burglary convictions are no longer appropriate predicates for ACCA enhancement under *Mathis*. The Government has filed its response and Petitioner filed a reply. Thus, this matter is ripe for decision.

## LEGAL STANDARDS

Federal prisoners like Burton who wish to collaterally attack their convictions or sentences ordinarily must generally do so under 28 U.S.C. § 2255. *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). They may petition under 28 U.S.C. § 2241 only in the rare circumstance in which the remedy provided under § 2255 "is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e) (which is often referred to as "the Savings Clause"). The mere fact that a petitioner's claim would be a second or successive § 2255 motion does not render § 2255 inadequate or ineffective. *See In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998).

## DISCUSSION

### I. Adequacy of 28 U.S.C. § 2255

A federal prisoner may utilize 28 U.S.C. § 2241 only in the rare circumstance in which the remedy provided under § 2255 "is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e). The Seventh Circuit has explained that § 2255 is "inadequate" when its provisions limiting multiple § 2255 motions prevent a prisoner from obtaining review of a legal theory that "establishes the petitioner's actual innocence." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003) (quoting *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002)). Thus, a petitioner "must

3

first show that the legal theory he advances relies on a change in law that both postdates his first § 2255 motion (for failure to raise a claim the first time around does not render § 2255 'inadequate') and 'eludes the permission in section 2255 for successive motions.'" *Id.* (quoting *In re Davenport*, 147 F.3d at 611).

A federal prisoner must meet three criteria in order to invoke the Savings Clause of 28 U.S.C. § 2255(e) and obtain collateral relief pursuant to 28 U.S.C. § 2241. First, a prisoner "must show that he relies on a [new] statutory-interpretation case rather than a constitutional case"; second, he "must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion"; and third, "[the] sentence enhancement [must] have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citations omitted) (internal quotation marks omitted).

In support of his petition, Burton relies on *Mathis v. United States*, 136 S. Ct. 2243 (2016). Burton could not have brought this argument in a timely § 2255 motion. Burton had one year from the date his sentence became final to file a motion to vacate or modify his sentence pursuant to 28 U.S.C. § 2255(f)(1). His sentence became final in 2009 and therefore his ability to file a timely § 2255 motion ended in 2010. *Mathis* was not decided until 2016 and is a statutory interpretation case that did not announce a new rule of constitutional law. Thus, *Mathis* did not start a fresh year under 28 U.S.C. § 2255(f)(3) and eludes the permission in section 2255 for successive motions. The Government has explicitly waived any argument regarding whether *Mathis* applies retroactively on collateral review. (Doc. 7 at 16).

Furthermore, Burton's statutory maximum penalty was 120 months of imprisonment. *See* 18 U.S.C. § 924(a)(2). Burton's sentence was enhanced to 235 months of imprisonment because the sentencing court determined that Burton was an armed career criminal under the ACCA based on Burton's prior drug offense and three Illinois residential burglary convictions. That means Burton was subjected to a sentence about nine and a half years too long. That is a grave enough error to be deemed a miscarriage of justice corrigible upon collateral review. *Rios*, 696 F.3d at 640–41; *see also Narvaez v. United States*, 674 F.3d 621, 629 (7th Cir. 2011) (explaining that the incorrect imposition of a career offender status is a miscarriage of justice).

Accordingly, the Court finds that Burton is entitled to seek habeas relief under § 2241 in lieu of filing a § 2255 motion.

## II. Illinois' Then-current Residential Burglary Statute was Broader Than Generic Burglary Under the ACCA

Burton was convicted of residential burglary in Illinois, once in 1993 and twice in 1997. Those convictions were utilized by the district court to find him an armed career criminal and subject him to an enhanced sentence of 235 months. The offense was defined as follows: "A person commits residential burglary who knowingly and without authority enters the dwelling place of another with the intent to commit therein a felony or theft." 720 ILL. COMP. STAT. 5/19-3 (1985). For purposes of the residential burglary statute, "dwelling" was defined as:

> A house, apartment, mobile home, trailer, or other living quarters in which at the time of the alleged offense the owners or occupants actually reside or in their absence intend within a reasonable period of time to reside.

5

720 ILL. COMP. STAT. 5/2-6(b) (1991).

A defendant will qualify as an armed career criminal under the ACCA if he has prior convictions for violent felonies committed on three different occasions. *See* 18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony" to include any felony, whether state or federal, that "is burglary, arson, or extortion." *Id.* § 924(e)(2)(B)(ii). Burglary under the ACCA is "an unlawful or unprivileged entry into . . . a building or other structure, with intent to commit a crime." *Mathis*, 136 S.Ct. at 2248. A crime counts as "burglary" under the ACCA if its elements are the same as, or narrower than, those of the generic offense. *Id.* "But if the crime of conviction covers any more conduct than the generic offense, then it is not an ACCA 'burglary'—even if the defendant's actual conduct . . . fits within the generic offense's boundaries." *Id.* Citing *Mathis*, Burton argues that his residential burglary convictions no longer count as violent felonies.

*Mathis* dealt with circumstances similar to this case. At issue was Iowa's burglary statute which reached a broader range of places ("any building, structure, or land, water, or air vehicle") than generic burglary under the ACCA. *See* IOWA CODE § 702.12 (2013). *Mathis* held that "those listed locations [in Iowa's burglary statute] are not alternative elements, going toward the creation of separate crimes. To the contrary, they lay out alternative ways of satisfying a single locational element . . . ." 136 S.Ct. at 2250. Because Iowa's locational element was broader than generic burglary's locational element, it did not count as a violent felony under the ACCA. *Id.* at 2250-51.

In *United States v. Haney*, the Seventh Circuit held that under *Mathis*, a conviction under Illinois' early-1970s burglary statute was not a violent felony under the ACCA because the statute applied not only to buildings but also to vehicles, such as housetrailers and motor vehicles. *United States v. Haney*, 840 F.3d 472, 475 (7th Cir. 2016). *Haney* and other cases dictate that state burglary statutes which include movable or mobile conveyances are outside the bounds of the ACCA's generic burglary offense. *See United States v. Perry*, 862 F.3d 620, 623-34 (7th Cir. 2017) (distinguishing non-generic statutes that encompass defendants who enter movable conveyances); *Robertson v. United States*, No. 16-2059, 2017 WL 3795756, *4 (C.D. Ill. Aug. 31, 2017) (Illinois burglary statute included entry into vehicles and therefore was not generic burglary under ACCA); *Green v. United States*, No. 16-502, 2017 WL 568315, *3 (E.D. Wisc. Feb. 13, 2017) (Wisconsin burglary statute included entry into housetrailers, watercraft, aircraft, cars and railroad cars and therefore was not generic burglary under ACCA); *El v. Acting Warden of FCI Pekin*, No. 17-1163, 2017 WL 3929309, *6 (C.D. Ill. Sept. 7, 2017) (2003 version of Illinois residential burglary statute extended to mobile homes, trailers, aircrafts, housetrailers, motor vehicles, and railroad cars and therefore was non-generic).

Here, the 1990s-version of Illinois residential burglary encompassed mobile homes and trailers. Thus, the statute included locations other than a "building or other structure," and falls outside the confines of generic burglary. The Government counsels the Court to look to the treatise "Substantive Criminal Law" by Wayne LaFave and Austin Scott to understand whether mobile homes and trailers are "structures" within the meaning of the generic burglary definition utilized by the

7

ACCA, as the Government contends the Supreme Court did in *Taylor v. United States*, 495 U.S. 575, 598 (1990). The Court declines to do so because that was not the approach utilized in *Mathis*, 136 S. Ct. at 2250 or *Haney*, 840 F.3d at 472. *Mathis* instructs this Court to simply compare the elements of Illinois residential burglary to generic burglary and see if Illinois' statute swept more broadly. *See Mathis*, 136 S.Ct. at 2248. The Court finds that the residential burglary statute Burton was convicted of has locational alternatives broader than generic burglary and therefore does not match up under the categorical approach and, in turn, could not be used to enhance Burton's sentence under the ACCA.

For these reasons, Burton should be resentenced to a maximum of 120 months for violating 18 U.S.C. § 922(g).

## CONCLUSION

For the reasons stated above, Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is GRANTED.

IT IS THEREFORE ORDERED:

1) Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is GRANTED;

2) Petitioner's armed career criminal enhanced sentence imposed by the Northern District of Illinois in Case No. 1:08-cr-01055 is VACATED;

3) Respondent SHALL deliver Petitioner to the Northern District of Illinois for resentencing;

4) The Clerk is DIRECTED to enter Final Judgment hereon.

CASE TERMINATED.

Entered this 10th day of October, 2017.

s/ Joe B. McDade
					JOE BILLY McDADE
					United States Senior District Judge